# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

COLBY SHAH PARIS                                                                           PLAINTIFF

v.                                                   CIVIL ACTION NO. 4:19-CV-P122-JHM

DAVIESS COUNTY DETENTION CENTER                             DEFENDANT

## MEMORANDUM OPINION

This is a *pro se* civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

### I. SUMMARY OF COMPLAINT

Plaintiff Colby Shah Paris is incarcerated at the Defendant Daviess County Detention Center (DCDC).

In the "Statement of Claim(s)" section of the complaint form, he writes as follows:

- Overcrowding (18 man cell) 40 + Inmates
- Eating on Floor > No tables > overpopulated
- No dividers for shower – no dividers for bathroom toilets >
- No urinals
- Health Hazards
- PRIA situations > bathroom
- No [] (hand sanitizers, no soap dispensers)

As relief, Plaintiff seeks "$500.00 daily since incarcerated."

### II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

# III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

"[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). "Extreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). To succeed on such a claim, a plaintiff must show that the condition is, objectively, "sufficiently serious," and the prison official, subjectively, had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. Moreover, the Sixth Circuit has held that "overcrowding is not, in itself, a constitutional violation." *Agramonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012). Rather, to support a viable prison-overcrowding claim, an inmate must allege that the overcrowding results in "an unconstitutional denial of such basic needs as food, shelter, or sanitation." *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Rhodes v. Chapman*, 452 U.S. 336, 345-48 (1981).

Several courts have considered allegations similar to Plaintiff's and held that they do not meet this high constitutional bar. *Agramonte*, 491 F. App'x 557, 559-60 (holding allegations that the number of toilets, showers, wash basins, and showers had not increased with the increased population, and that there were lines to use the bathrooms and showers, failed to state an overcrowding claim because plaintiff failed to allege an unconstitutional denial of basic needs); *Sander v. Duchak*, No. 3:18-cv-102, 2018 U.S. Dist. LEXIS 157706, at *12 (S.D. Ohio Sept. 17, 2018) (holding allegation that overcrowding at jail caused unsafe and dangerous environment "to the point that there are numorous [sic] physical altercations, assaults, and rapid acts of violence" failed state to an Eighth Amendment claim because the plaintiff did not allege "that any of the potential dangers he identified actually caused him any harm") (citing *Halliburton v. Sunquist*, 59 F. App'x 781, 782 (6th Cir. 2003)); *Bakke v. Clark Cty. Jail*, No. 3:15-CV-05713-BHS-DWC, 2015 U.S. Dist. LEXIS 158886, at *8 (W.D. Wash. Nov. 23, 2015) (dismissing claim based upon general allegation that overcrowding caused "unsanitary restrooms" because the plaintiff did not allege any specific facts showing that restrooms were not fit for "human habitation"); *Keeling v. Louisville Metro Corr. Dep't*, No. 314-CV-P697-DJH, 2015 U.S. Dist. LEXIS 69415, at *4-5 (W.D. Ky. May 29, 2015) (finding plaintiff's allegations that the cell pods are crowded and that there was fighting over toiletries, soap, seating, and beds do not constitute deprivations of the minimal civilized measure of life's necessities and, therefore, failed to state a claim upon which relief may be granted).

The Court further notes that Plaintiff has not alleged actual harm, or a risk of serious harm, by the conditions in question. *See, e.g., Benjamin v. Fraser*, 343 F.3d 35, 51 n.17 (2d Cir. 2003) ("To establish the deprivation of a basic human need . . . an inmate must show 'actual or imminent harm.'") (quoting *Lewis v. Casey*, 518 U.S. 343, 350 (1996)). Moreover, the Sixth

4

Circuit has repeatedly held that Eighth Amendment claims for monetary relief based on mental or emotional injury are precluded by § 1997e(e) absent a showing of physical injury. *See, e.g.*, *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010); *Jackson v. Herrington*, 393 F. App'x 348, 354 (6th Cir. 2010); *Harden-Bey v. Rutter*, 524 F.3d 789, 795-96 (6th Cir. 2008).

For these reasons, the Court concludes that the complaint fails to state a claim upon which relief may be granted.

## IV.  CONCLUSION

The Court will enter a separate Order dismissing this action consistent with this Memorandum Opinion.

Date: October 7, 2019

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendant
4414.011